Civil Action No.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**YANDY REYES**, individually and on behalf of all others similarly situated, and **RE: YES LAW PLLC,**

*Plaintiffs*,

-against-

**SAVE AMERICAN EDUCATION FUND, SAVEAMERICANEDUCATION.US, SAVEAMERICANEDUCATION.COM**, the business located at Washington, DC at 600 Pennsylvania Ave SE, Unit 15180, Washington, DC 20003 and **ACTBLUE**, the business located at 366 Summer St, Somerville, MA 02144, and **JOHN DOES** and/or **JANE DOES**,[1]

*Defendants*

**COMPLAINT**

24 CV 8451

**Class Action**
**Jury Demanded**

---

### CLASS ACTION COMPLAINT

Comes now Plaintiffs **YANDY REYES**, individually and on behalf of all others similarly situated, and **RE: YES LAW PLLC**, complaining of unsolicited commercial communications, hereby alleges as follows:

### INTRODUCTION

1. This action arises from defendants' continuous calls to plaintiffs during the 2024 political season wherein defendants called plaintiffs multiple times, repeatedly, in spite of plaintiff's efforts to cease communications.

2. Plaintiffs YANDY REYES and RE: YES LAW PLLC (hereinafter "Plaintiff" or "Plaintiffs" or "Called party" or "Called parties") are bringing this action against SAVE AMERICAN EDUCATION FUND, SAVEAMERICANEDUCATION.US, SAVEAMERICANEDUCATION.COM, the business located at 600 Pennsylvania Ave SE, Unit 15180, Washington, DC 20003, and ACTBLUE, the business located at 366 Summer St, Somerville, MA 02144, and JOHN DOES and/or JANE DOES (hereinafter

---

[1] And John Doe and/or Jane Doe agents, whose identity is exclusively held by defendants, whose identity, if any, will be discoverable in pre-trial litigation, and whom plaintiff has full intention of bringing into this suit as defendants, including, corporate officer/s, marketing team/s, director/s.

Civil Action No.

"Defendants" or "Calling parties") for violating the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227, the regulations promulgated thereunder and N.Y. General Business Law ("GBL") § 396-AA*2. Congress enacted the TCPA in 1991 to prevent unsolicited calling to persons without expressed invitation or permission to receive such calls. Congress believed that unsolicited calls improperly invaded the private lives of called parties and provided for remedies in the form of monetary damages and injunctions.

3. Defendants have recently caused thousands of calls to be made against thousands of individuals. Defendants are therefore liable to Plaintiff and the proposed Classes of similarly situated persons under the TCPA and GBL § 396-AA*2.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's and the Classes A and B's TCPA claims under 28 U.S.C. § 1331 and 47 U.S.C § 227.

5. This Court also has supplemental jurisdiction over Plaintiff's and Class B's GBL § 396-AA*2 claims pursuant to 28 U.S.C. § 1367(a).

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of New York within the meaning of 28 U.S.C. § 1391(c).

7. Venue in this judicial district is also proper under 28 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## THE PARTIES

8. At all relevant times, Yandy Reyes was and is a resident of the County of Queens, in the State of New York.

9. At all relevant times, RE: YES LAW PLLC was and is a business registered and doing business in the County of Queens, in the State of New York.

Civil Action No.

10.     Upon information and belief, Defendants SAVE AMERICAN EDUCATION FUND, SAVEAMERICANEDUCATION.US, and SAVEAMERICANEDUCATION.COM, have their principal place of business located at 600 Pennsylvania Ave SE, Unit 15180, Washington, DC 20003.

11.     Upon information and belief, Defendant ACTBLUE has its principal place of business located at 366 Summer St, Somerville, MA 02144.

12.     Similarly, John Does, or Jane Does is/are the corporate officers, directors, marketing representative or agent that handles the same for SAVE AMERICAN EDUCATION FUND, SAVEAMERICANEDUCATION.US, SAVEAMERICANEDUCATION.COM, and ACTBLUE.

13.     Defendants will be referred hereinafter as the "calling party."

14.     Plaintiff will be referred hereinafter as the "called party."

## FACTUAL ALLEGATIONS

15.     On the following instances, calling party communicated with called party using an Automatic Telephone Dialing System (ATDS)[2] text messages:

   a. On Sept. 28, 2024, at 8:22 pm, from +1 (667) 409 – 3079 phone number – soliciting that I "Rush $5 to SAVE the Senate: saveamericaneducation.us/9272?t=3aCNJE"[3] – website directing called party to secure.actblue.com/donate page with a "contribution" request;

16. Thereafter, called party replied: "Please do not message me anymore at all for any reason or from any number."

17. An example of such violating calls is provided attached herein as **Exhibit A**.

---

[2] Automatic telephone dialing system (ATDS) is a device that stores telephone numbers to be called, those numbers having been generated by a random or sequential number generator. Pub. L. No. 102-243, § 227, 105 Stat. 2394, 2395.
[3] Wherein this website (hyperlinked) directs a person to a payment / contribution submission request. Website last accessed on November 5, 2024.

Civil Action No.

18. Called party made that response to cease communications on Sept. 29, 2024 at 3:16 pm.

19. Instead of complying to called party's demand to cease further communication was met with continuous, knowing and willful calls (even when re-requested to cease the calls), including and not limited to:

   a. On Oct. 2, 2024 from +1 (667) 409 – 3079 phone number;

   b. On Oct. 4, 2024 from +1 (667) 409 – 3079 phone number;

   c. On Oct. 6, 2024 from +1 (667) 409 – 3079 phone number;

   d. On Oct. 7, 2024 from +1 (667) 409 – 3079 phone number – *two calls made on this date, one at 5:23 pm and the other at 7:37 pm*;

   e. On Oct. 8, 2024 from +1 (667) 409 – 3079 phone number – *two calls made on this date, one at 3:06 pm and the other at 9:06 pm;* **that latter call occurring after 9:00 pm which is an additional violation**;

   f. On October 9, 2024, from +1 (667) 409 – 3079 phone number – two calls made on this date, one at 2:36 pm and the other at 8:54 pm;

   g. On October 10, 2024 from +1 (667) 409 – 3079 phone number – two calls made on this date, one at 2:38 pm and the other at 8:05 pm;

   h. On October 11, 2024, from +1 (667) 409 – 3079 phone number;

   i. On October 12, 2024 from +1 (667) 409 – 3079 phone number;

   j. On October 13, 2024 from +1 (667) 409 – 3079 phone number;

   k. On October 14, 2024 from +1 (667) 409 – 3079 phone number – two calls made on this date, one at 1:35 pm and the other at 7:05 pm;

   l. On October 15, 2024 from +1 (667) 409 – 3079 phone number – *two calls made on this date, one at 9:59 pm and the other at 11:11 pm;* **both these calls occurring after 9:00 pm which is an additional violation**;

Civil Action No.

    m. On October 16, 2024 from +1 (667) 409 – 3079 phone number – one call occurring at 9:06 pm; *this call being an additional violation*;

    n. On October 17, 2024 from +1 (667) 409 – 3079 phone number;

    o. On October 18, 2024 from +1 (667) 409 – 3079 phone number;

    p. On October 19, 2024 from +1 (667) 409 – 3079 phone number – *two calls made on this date, one at 1:35 pm and the other at 8:09 pm*;

    q. On October 20, 2024 from +1 (667) 409 – 3079 phone number – *two calls made on this date, one at 12:05 pm and the other at 4:36 pm*;

20. Again, on October 2, 2024, at 4:40 p.m., called party responded to calling party's continued messages with the following message: "Please do not message or call me anymore. I will be bringing a federal class action suit against you, for your knowing and willful violations of the laws – especially because I am on the Do Not Call list."

21. Again, on October 4, 2024, at 11:24 p.m., called party responded to calling party's continued messages with the following message: "Please do not message or call me anymore. I will be bringing a federal class action suit against you, for your knowing and willful violations of the laws – especially because I am on the Do Not Call list."

22. Again, on each of the following dates, called party replied to the messages with attempts to cease the calls: on Oct. 8, 2024, Oct. 11, 2024, Oct. 17, 2024, and finally on Oct. 20, 2024 – all these messages containing a similar substantive communication to cease the calls.

23. Caller continued to text in spite of efforts to stop the texts.

24. Calling party read the messages.[4]

    a. Underlying communications were telemarketing and/or informational messages.[5]

---

[4] Texts are a form of calls. *See*, FCC 15-72 ¶ 107. *See also*, 2003 TCPA Order, 18 FCC Rcd at 14115, ¶ 165; 47 U.S.C § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii).

[5] *See*, FCC 15-72 ¶ 123-24 (prohibition "apply equally to telemarketing and informational calls.").

Civil Action No.

25. Called party concluded that the communication originated from a machine, computer, automatic, prerecorded, artificial, etc. system.

26. The texts were a violation of the Telephone Consumer Protection Act (TCPA). *See generally*, 47 U.S.C. § 227 (b), et. al.[6]

27. In total, calling party made **TWENTY-SIX (26)** unsolicited communications to called party. *See*, available upon request.

28. Some of those calls were placed outside of scope of the allowed times, specifically calls made past 9:00 pm.

29. Calling party made the communication directly to called party.
   i. That communication was made for marketing and/or informational and/or other purposes in order to communicate to called party.

30. If calling party did not communicate directly with called party, calling party caused that communication to occur through an agency relationship with a third party, John Doe.
   i. That communication was made for marketing and informational or other purposes in order to communicate to the called party.

31. In sum and substance, the content of the communication involved Save American Fund with Political fundraising organizations on their website at saveamericaneducation.us and Actblue, seeking contributions.

32. Texts were not made for an emergency purpose.

33. Upon information and belief, Defendants willfully[7] and knowingly arranged for the messages to be sent to Plaintiff.

---

[6] The TCPA makes it unlawful for a person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227 (b)(1)(A)(iii).
[7] 47 U.S.C. § 312(f)(1) provides that "[t]he term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of [the

Civil Action No.

34. Upon information and belief, Defendants had, either willfully and knowingly, arranged for thousands of unsolicited messages for telemarketing and informational purposes to persons all over the United States.

35. Upon information and belief, defendants did not establish, implement, or mention written procedures, did not train personnel, or segregate "Do Not Call" numbers to avoid violations.

36. Upon information and belief, defendants did not establish, implement, or mention written procedures, did not train personnel to avoid placing calls or causing the calls to occur past 9:00 pm.

37. Texts were not made with called party's prior express consent, neither orally nor written.

   i. If called party gave consent, it was inadvertently because calling party did not supply that information in a *clear and conspicuous* manner; and/or

   ii. If called party gave consent, that consent was for a limited purpose and calling party exceeded the scope of that consent.

38. Texts were made to called party's own personal phone number – on a phone number that Plaintiff Re: Yes Law PLLC heavily relies that Yandy Reyes receive and make calls.

39. Plaintiff Re: Yes Law PLLC was directly harmed by defendants' actions against Plaintiff Yandy Reyes, *inter alias*, as such calls distracted Plaintiff Yandy Reyes during work hours, during project completions, and/or during client calls. Additionally, Plaintiff Re: Yes Law PLLC is harmed as Plaintiff Yandy Reyes's time is spent on this matter while significant, profitable estate planning, estate litigation, and civil litigation matters are pending to be completed, continuously.

40. Plaintiff Re: Yes Law PLLC regularly charges clients over $500.00 an hour for Plaintiff Yandy Reyes's time.

41. Previous to the underlying violations, called party registered with the FCC's residential subscribers "Do Not Call" List (Plaintiff on National Do Not Call Registry since September 11, 2007).

---

chapter under which 47 U.S.C. § 227 falls] or any rule or regulation of the Commission authorized by [the chapter under which 47 U.S.C. § 227 falls] or by a treaty ratified by the United States."

Civil Action No.

    a.    That was a separate and distinct violation of 47 U.S.C. § 227 (c), et. al.[8]

42.    As a direct and proximate result of defendants' actions, the called party felt a great invasion of his privacy and was forced to become distracted from his business and/or pleasure endeavor to answer the calling party's communication.

## CLASS ALLEGATIONS

43.    Plaintiff brings this class action on behalf of himself, and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

44.    Plaintiff seeks to represent two classes of individuals defined as follows:

    i.  Class A: All persons in the United States from the one year prior to the date of filing of the instate Complaint and through the date of the filing of the instant Complaint to whom Defendants sent or caused to be called an unsolicited call without prior express consent; and

    ii.  Class B: All persons in the United States from the one year prior to the date of filing of the instate Complaint through the date of the filing of the instant Complaint to whom Defendants sent or caused to be called an unsolicited call without prior express consent and persons who registered with the "Do Not Call" list.

    iii.  Class C: All persons in the United States from the one year prior to the date of filing of the instate Complaint through the date of the filing of the instant Complaint to whom Defendants sent or caused to be called an unsolicited call without prior express consent and persons who received calls past 9:00 pm.

45.    Classes A, B, and C are hereinafter referred to collectively as the Classes.

46.    <u>Numerosity</u>: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties of this Court.

---

[8] *See also*, 47 C.F.R § 64.1200(c)(2).

Civil Action No.

47. Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to Defendants' messaging and marketing records.

48. Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

49. <u>Typicality</u>: the plaintiff's claims are typical of the claims of the members of Classes. The claims of the plaintiff and members of the Classes are based on the same legal theories and arise from the same unlawful conduct.

50. Plaintiff and members of the Classes each received at least one call with similar or the same content as described above.

51. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the plaintiff and members of the Classes.

52. The questions of fact and law common to the plaintiff and the Classes predominate over questions that may affect individual members and include the following:

   i. Whether Defendants' conduct of sending text messages and/or causing such messages to be sent to Plaintiff and members of Class A calls without Plaintiff's and members of Classes' prior express consent, either orally or written, which contained telemarketing and/or informational content by applicable device violated 47 U.S.C. § 227(b) and/or the regulations thereunder;

   ii. Whether Defendants' conduct of sending text messages and/or causing such messages to be sent to Plaintiff and members of Classes' prior express consent, either orally or written, which contained telemarketing and/or informational content by applicable device, was knowing or willful;

   iii. Whether Plaintiff and the members of the Classes are entitled to statutory damages, triple damages, costs, and reasonable attorney fees for Defendants' acts and conduct; and

   iv. Whether Plaintiff and members of the Classes are entitled to a permanent injunction enjoining Defendants from continuing to engage in unlawful conduct.

Civil Action No.

53. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes. Plaintiff has retained counsel who is competent and experienced in litigation and TCPA pre-litigation and will retain additional counsel as required.

54. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages that may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendants by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying inconsistent or contradictory judgments and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

55. <u>Injunctive Relief</u>: Defendants have acted on grounds generally applicable to Plaintiff and members of the Classes, thereby making appropriate final injunctive relief with respect to Plaintiff and the Classes as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

56. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

57. By Defendants' conduct, described above, Defendants committed thousands of violations of 47 U.S.C. § 227(b) against Plaintiff and the member of Class A and Class C to wit: the text messages containing telemarketing and/or informational content; Defendants' messages and/or causing to be messaged

Civil Action No.

to Plaintiff and the members of Class A and Class C were unsolicited, without prior express consent, either orally or written.

58. Accordingly, Plaintiff and the members of Class A and Class C are entitled to statutory damages under 47 U.S.C. § 227(b)(3)(B), the greater than their actual monetary loss from the violation or five hundred dollars for each violation ($ 500.00).

59. If it is found that Defendants willfully and/or knowingly messaged and/or caused to be messaged to Plaintiff and the members of Class A, Plaintiff requests an increase by the Court of the damage award against Defendants, described in a preceding paragraph, to three times the amount available under 47 U.S.C. §227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful and knowing violations.

## AS AND FOR A SECOND CAUSE OF ACTION

60. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

61. By Defendants' conduct, described above, Defendants committed thousands of violations of 47 U.S.C. § 227(c) against Plaintiff and the member of Class B to wit: the call containing telemarketing and/or informational content as Defendants' messages and/or causing to be messaged to Plaintiff and the members of Class B were unsolicited, without prior express consent, either orally or written—while Plaintiff and the members of Class B were registered in the national "Do Not Call."

62. Accordingly, Plaintiff and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(c)(5)(B), the greater of their actual monetary loss from the violation or five hundred dollars for each violation ($ 500.00).

63. If it is found that Defendants willfully and/or knowingly messaged and/or caused to be messaged to Plaintiff and the members of Class B, Plaintiff requests an increase by the Court of the damage award against Defendants, described in a preceding paragraph, to three times the amount available under 47 U.S.C. §227(c)(5)(B), as authorized by 47 U.S.C. § 227(c)(5)(C) for willful and knowing violations.

## AS AND FOR A THIRD CAUSE OF ACTION

Civil Action No.

64.     Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

65.     As described above, upon information and belief, Defendants committed numerous violations of 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c).

66.     Accordingly, under 47 U.S.C. § 227(b)(3)(A) and §227(c)(5)(A), Plaintiff and the members of Classes A, B, and C are entitled to an injunction against Defendants, prohibiting Defendants from committing further violation of the above-mentioned statutes and regulations. [9]

## AS AND FOR A FOURTH CAUSE OF ACTION

67.     Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

68.     As described above, upon information and belief, Defendants committed thousands of violations of NY GBL § 396-AA*2.

69.     Accordingly, pursuant to NY GBL 396-AA*2(3), Plaintiff and members of Classes A, B and C are entitled to statutory damages in an amount greater than one hundred dollars ( $ 100.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Classes, prays for:

70.     An order certifying the Classes and appointing Plaintiff as the representatives of the Classes and appointing the lawyer representing the Plaintiff as counsel for the Classes;

71.     An award to Plaintiff and the members of the Classes of statutory damages, in excess of $500.00 per violation for each Class A, Class B, and Class C, pursuant to 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c), for Defendants' violations of those statutes, for a collective amount of $1,500,000.00;

---

[9] *See*, 47 U.S.C. § 227(b)(3)(C) (allowing monetary and enjoining relief).

Civil Action No.

72. If it is found that Defendants willfully and/or knowingly called and/or caused to be called to Plaintiff and the Classes, an increase by the Court of the award of statutory damages pursuant to 47 U.S.C. § 227(b) prayed for by Plaintiff and the members of Class A and/or Class B and/or Class C, to three times that amount described in a previous paragraph, as authorized by 47 U.S.C. § 227(b)(3) and §227(c)(5), for willful and/or knowing violations. Plaintiff will therefore seek an increase from an award in excess of five hundred dollars ($500.00) for each violation for Class A, Class B, and Class C to an award in excess of one thousand five hundred dollars ($1,500.00) for each violation for each of Class A and Class B against Defendants, for a collective amount of $5,500,000.00;

73. An injunction against Defendants, prohibiting Defendants from committing further violations of the TCPA and the regulations promulgated thereunder;

74. An award to Plaintiff and the members of Class A, B, and C of statutory damages, in excess of $ 100.00 each for Defendants' violation of GBL § 396-AA*2, for a collective amount of $250,000.00; and

75. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

76. Plaintiff demands a trial by jury.

Dated:   Queens, New York
         November 6, 2024

                                            Respectfully submitted,

                                       BY:  _____
                                            **YANDY REYES, ESQ.**
                                            **RE: YES LAW PLLC**
                                            *Attorney for Plaintiff*
                                            118-35 Queens Blvd., Ste. 400

Civil Action No.

Forest Hills, NY 11214  
(646) 577-9022 | (646) 633-5467  
reyeslaw@estateplanningreyes.com

MAIL TO:

SAVE AMERICAN EDUCATION FUND – 600 Pennsylvania Ave SE, Unit 15180 Washington, DC 20003
Emailed to: hello@saveamericaneducation.org

ACTBLUE – 366 Summer St, Somerville, MA 02144

Civil Action No.

# CERTIFICATION/ INDIVIDUAL VERIFICATION

I, **YANDY REYES, ESQ.**, an attorney admitted to practice in the courts of New York State, state that I am the attorney and plaintiff in the action within; certify that I have read the foregoing and know the contents thereof, and, to the best of my knowledge and information and belief, the presentation of the papers is not frivolous and, where the paper is an initiating pleading, that the matter was not obtained through illegal conduct or, if it was, that the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing fees and that the matter was not obtained in violation of DR 7-111. (22 N.Y.C.R.R. 130-1.1-a[b]).

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Queens, New York
       November 6, 2024

_____
**YANDY REYES**

Sworn to before me on Nov. 5, 2024,



*Diana Cardenas*

_____
Notary Public
My Commission Expires:
(Affix Notary Stamp or Seal)